

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 9, 1966

Honorable Doug Crouch
Criminal District Attorney
Tarrant County Courthouse
Ft. Worth, Texas

Opinion No. C-759

Re: Whether the Tarrant
County Hospital District
can legally operate an
ambulance service and/or
supervise its operation
and related questions.

Dear Mr. Crouch:

In your recent letter to this office you have informed us that the persons presently providing ambulance service in Tarrant County have announced their intention to discontinue such service in September. Your letter further states that the Tarrant County Hospital District, created pursuant to Article 4494n of Vernon's Civil Statutes, has been suggested as the logical agency to operate an ambulance service after the present operators have discontinued their service.

Due to the fact that the questions posed in your letter are, to a large extent, overlapping, we have taken the liberty of paraphrasing them as follows:

1. Does the Hospital District have the authority to operate an ambulance service within the District?

2. Does the Hospital District or Commissioners' Court have the authority to grant franchises for the operation of an ambulance service?

3. Does the Hospital District have the authority to prohibit other persons from operating an ambulance service within the District?

4. Does the Hospital District have authority to establish rules and regulations governing the operation of ambulance service within the District?

5. Does the State Board of Health have authority to grant an exclusive right to operate

-3651-

an ambulance service within the Hospital
District?

The Tarrant County Hospital District was created
pursuant to the provisions of Article 4494n of Vernon's
Civil Statutes as authorized by Section 4 of Article IX
of the Constitution of Texas. It is a political subdivi-
sion of the state, separate and distinct from Tarrant
County or the municipalities located therein. Bexar
County Hospital Dist. v. Crosby, 160 Tex. 116, 327 S.W.2d
445 (1959). The District is given full responsibility for
the medical and hospital care of the needy and indigent
persons within the District. And, to enable the District
to discharge this responsibility, the statute and the
Constitution require that all hospital buildings and
facilities owned by the county or any municipality with-
in the District be transferred to the District.

The provisions of Article 4494n and Section 4
of Article IX of the Constitution plainly show that the
District, once created, is charged with the responsibility
for an important governmental function: the preservation
and promotion of the public health within the District.
The protection and preservation of the public health is
within the scope of the police power of the state, and,
in carrying out its responsibilities, the District is
exercising delegated police power of the state within
the limits of the District. City of Dallas v. Smith,
130 Tex. 225, 107 S.W.2d 872 (1937); 12 Tex.Jur.2d 411,
Constitutional Law § 66. However, the District, like
other governmental agencies or bodies, has no power or
authority beyond that expressly conferred by the appli-
cable statutes and constitutional provisions unless it
may be necessarily implied from the powers granted or
duties imposed upon the District. See 1 Tex.Jur.2d 652,
Administrative Law § 6; 39 Tex.Jur.2d 633, Municipal
Corporations § 303; 60 Tex.Jur.2d 768, Waters § 397;
Tex.Jur.2d 261, 265, Counties §§ 35, 37.

Section 13 of Article 4494n imposes upon the
District the ". . .full responsibility for the furnish-
ing of medical and hospital care for the needy and indi-
gent persons residing in said Hospital District. . . ."

Section 5 of Article 4494n authorizes the Board
of Managers of the District to ". . .employ such. . .
employees of every kind and character as may be deemed

advisable for the efficient operation of the hospital or hospital system. . . ."

With the approval of the Commissioners' Court, Section 5b of Article 4494n authorized the Board of Managers of the District ". . .to purchase and acquire, lease, . . .maintain, operate, . . .equipment, hospital facilities and systems for the maintenance of hospitals, . . .and any and all other facilities and services the hospital district may require. . . ."

An ambulance being defined as "a vehicle equipped for transporting those who are wounded, injured, or sick" (Webster's New International Dictionary, 2nd Edition, 1938), we are of the opinion that the operation of an ambulance service, while not exclusively a hospital service, is sufficiently related to the effective and efficient operation of a hospital as to be within the authority of the Board of Managers of the District to acquire and operate in carrying out its duties within the District. However, Section 5b of Article 4494n requires that the Board of Managers obtain the approval of the Commissioners' Court before acquiring the equipment necessary to institute such a service. Subject to this qualification, the first question is answered in the affirmative. In this connection, we wish it clearly understood that the authority of the District with regard to operating an ambulance service is not exclusive and does not preclude the operation of such a service within the District by others. Our holding upon this question does not pass upon the authority of a municipality or county to operate an ambulance service within the District.

The second question concerns the authority of the Hospital District or the Commissioners' Court to grant franchises for the operation of ambulance service within the District. A franchise is a grant of a special privilege by the government, either directly or through an agency to which the authority to make such grants has been delegated. 25 Tex.Jur.2d 604, Franchises § 6; 37 C.J.S. 156, 157, Franchises § 14. In order for such power to exist in an agency of the government there must be a clear delegation of such authority from the Legislature. 37 C.J.S. 160, Franchises § 14. We find no authorization, either express or implied, which would enable the District or the Commissioners' Court to grant franchises for the operation of ambulance service within the District. The second question is answered in the negative.

The regulation of businesses and occupations is included within the scope of the police power. When the nature of a business or occupation is such that it concerns the public at large it may be subject to regulation even to the extent of absolute prohibition. The question of whether a business or occupation has become affected with a public interest to the extent that it should be regulated is a question for the Legislature. The extent of such regulation is likewise solely within the legislative prerogative. 12 Tex.Jur.2d 424, 425, Constitutional Law § 78. We have carefully reviewed the statutory provisions relating to the District and find no express authority for the District to either promulgate rules and regulations for the operation of ambulance service within the District or to prohibit the operation of such service therein. And, we are unable to imply such authority from the powers expressly given the District by the Legislature. Therefore, we are compelled to answer the third and fourth questions in the negative. However, we wish to observe in relation to the third question that, although the District is without authority to promulgate rules and regulations pertaining to ambulance service operated by others within the District, we are of the opinion that the District does have the authority to establish rules and regulations for the operation of its own ambulance service to the extent that such rules and regulations are not inconsistent with statutes and ordinances pertaining to ambulances.

The fifth question relates to the powers conferred upon the State Board of Health under the provisions of Article 4590b of Vernon's Civil Statutes. Section 1 of such Article requires that all persons operating an ambulance or other vehicle used for the transportation of the sick or injured obtain a permit from the State Board of Health. Section 2 requires that such ambulance or vehicle carry: (a) "A first aid kit," and (b) "Traction splints for the proper transportation of fractures of the extremities." Section 3 requires that every ambulance:

". . .be accompanied by at least one person who has acquired theoretical or practical knowledge in first aid as prescribed and certified by the American Red Cross, evidenced by a certificate issued to such person by the State Board of Health."

Section 4 relates to applications for permits and issuance thereof. Section 4 reads in part:

"Said application shall be made to any public health officer of any of the political subdivisions of this state where said applicant's principal place of business is located, and if said public health officer finds that the applicant has complied with the provisions of this act and the rules and regulations prescribed by the State Board of Health for the purpose of carrying out this act, it shall be the duty of the State Board of Health to issue a permit to said applicant. . ." (Emphasis added)

Considering the foregoing provisions of Article 4590b we are of the opinion that the State Board of Health does not have authority to grant an exclusive permit for the operation of an ambulance service within the District, but, on the contrary, must issue a permit to any applicant who has met the requirements of such Article. Therefore, the fifth question is answered in the negative.

S U M M A R Y

In carrying out the duties imposed upon it by Article 4494n, V.C.S., Tarrant County Hospital District is authorized to acquire and operate an ambulance service within the District; neither the District or the Commissioners' Court has authority to grant franchises for the operation of ambulance service within the District; the District has no authority to regulate or prohibit ambulance service operated by other persons within the District, but may make such rules regulating its own ambulance service as are not in conflict with statutes or ordinances pertaining to the operation of such service; the State Board of Health does not have authority to issue an exclusive permit for the operation of an ambulance service within the District under the provisions of Article 4590b, V.C.S.

Very truly yours,

WAGGONER CARR
Attorney General

By: W. O. Shultz
    Assistant

WOS:wy:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

John Banks
Mario Obledo
Bob Towery
John Fainter

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright